UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS                                                            NO. 20-92

DONIESHA GIBSON                                        SECTION "R" (1)

## ORDER AND REASONS

Before the Court is defendant Doniesha Gibson's Motion to Modify
Restitution.[1]   The government opposes the motion.[2]   For the following
reasons, the Court orders that the Financial Litigation Unit of the United
States Attorney's Office for the Eastern District of Louisiana investigate and
make a recommendation to this Court on Gibson's ability to pay restitution.

## I.    BACKGROUND

Gibson entered into a plea agreement on June 16, 2021, under which
she pled guilty to one count of Conspiracy to Commit Mail Fraud in violation
of 18 U.S.C. §§ 1341, 1371.[3]   She was sentenced to seventeen months in the
Bureau of Prisons and placed on supervised release for three years.[4]
Additionally, she was ordered to pay restitution to the victim Lancer

---

[1]    R. Doc. 405.
[2]    R. Doc. 407.
[3]    R. Doc. 122.
[4]    R. Doc. 328. Of this amount, Gibson only received a check for $10,000.
One of her co-conspirators received a check for $650,000. R. Doc. 306.

Insurance in the amount of $677,500.00.[5]  The judgment provided that the restitution would begin while the defendant was incarcerated and that any unpaid balance upon release would be paid at the rate of $100 per month.[6] The payment is subject to increase or decrease with the defendant's ability to pay.[7]  Gibson made all payments until September 2024. She did not make the required payments between September 2024 to March 2025.[8] Thereafter, the government filed an Application for a Writ of Garnishment.[9] Gibson's employer, LCMC Health, filed an answer that her bi-weekly earnings are $1079.90.[10]  Gibson did not file a written objection or an exemption to the garnishment, nor did she request a hearing under 28 U.S.C. 3205(c)(5).  The Court entered a final disposition for order of Garnishment on June 25, 2025, for 25% of Gibson's non-exempt disposable earnings, which currently amounts to biweekly payments of $269.98.[11]

Gibson now moves the Court to reduce her restitution payment.[12]  She states that she did not make the payments between September 2024 and

---

[5]    *Id.*
[6]    *Id.*
[7]    *Id.*
[8]    R. Doc. 407, at 2.
[9]    R. Doc. 383.
[10]   R. Doc. 395.
[11]   *Id.*
[12]   R. Doc. 405-1.

March 2025 because she had a reduction in work hours that significantly reduced her income. [13]  The basis for her current request is that she is the sole provider for her two children, as their fathers are deceased, and that the garnishment is "making it nearly impossible to meet basic living needs such as rent, utilities, and food."[14]  Gibson requests a return to the original monthly payment amount of $100. [15]

The government opposes the motion, arguing that this Court cannot grant her requested relief for two reasons.[16]  First, the government contends that Gibson has failed to comply with the provisions of 28 U.S.C. § 3205 by not filing a written objection to the garnishment or asserting a right or entitlement to any exemption.[17]  Second, the government asserts that she has failed to prove a material change in economic circumstances that would warrant a modification under 18 U.S.C. § 3664(k). [18]

## II.    LEGAL STANDARD

Under the Mandatory Victims Restitution Act (MVRA), a defendant convicted of a crime in federal court may be ordered to make restitution to

---

[13]    *Id.*
[14]    R. Doc. 405-1.
[15]    *Id.*
[16]    R. Doc. 407.
[17]    *Id.*
[18]    *Id.*

any victims.   18 U.S.C. § 3663(a)(1)(A).   The MVRA "provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means" and, under 18 U.S.C. § 3613(a), it may collect "restitution 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law,'" including the Federal Debt Collection Procedures Act of 1990 (FDCPA). *United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002) (quoting 28 U.S.C. §§ 3001-3308).

One of the enforcement provisions available, and the one used here, is garnishment through the mechanisms set forth in the FDCPA, 28 U.S.C. § 3205(a).   Garnishment is limited to twenty-five percent of the individual's earnings.   15 U.S.C. § 1673(b)(1)(C).   While twenty-five percent is the maximum garnishment that can be imposed on disposable earnings, a court may impose a lower rate.   *See, e.g.*, *United States v. Lee*, 659 F.3d 619, 621 (7th Cir. 2011) (finding that twenty-five percent is the "ceiling" for garnishment of a debtor's disposable earnings).

A court retains authority to modify a court-ordered schedule for repayment of an order of restitution "as the interests of justice require."   18 U.S.C. § 3664(k).   And a court may "at any time on its own initiative or the motion of any interest person . . . make an order denying, limiting,

4

conditioning, regulating, extending, or modifying the use of any enforcement procedure under" the FDCPA. 28 U.S.C. § 3013; *see also F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 321 (5th Cir. 2004). This includes an order of garnishment. Finding "no criteria for an order modifying enforcement," courts have applied "a concept of reasonableness to the exercise of § 3013 authority." *United States v. Ogburn*, 499 F. Supp. 2d 28, 30 (D.D.C. 2007) (collecting authority). Courts look to the individual garnishee's circumstances. *Id.* The plain language of § 3013 provides broad discretion for a court to modify a writ of garnishment based on the reasonableness of the circumstances. *See Nat'l Bus Consultants, Inc.*, 376 F.3d at 321 (holding that district court's decisions to amend any enforcement procedure under § 3013 are reviewed for an abuse of discretion).

One factor of the reasonableness of an enforcement procedure is the financial situation of the defendant. The FDCPA specifically allows for "discovery regarding the financial condition of the debtor." 28 U.S.C. § 3015(a). In *United States v. Crowther*, the court found that it has "the discretion to consider an objection that garnishment of 25% of disposable earnings is inequitable under the judgment debtor's individual circumstances." 473 F. Supp. 2d 729, 731 (N.D. Tex. 2007) (Godbey, J.). *Accord Ogburn*, 499 F. Supp. 2d at 30; *United States v. Dover*, 2016 WL

806708 (E.D. Mich. Mar. 2, 2016) (Parker, J.); *United States v. Porreca*, 2018 WL 1763524 (W.D.N.C. Apr. 12, 2018) (Mullen, J.).

## III.  DISCUSSION

Here, it is undisputed that Gibson failed to comply with the provisions of 28 U.S.C. § 3205, et seq. to challenge the writ of garnishment.  However, such a challenge is not her only path to relief.

The Court may, under 28 U.S.C. § 3013, modify a garnishment order, regardless of whether the defendant challenged the garnishment as provided under 28 U.S.C. § 3205.  Here, the Court finds that it has insufficient information to determine whether the enforcement procedure is reasonable under 28 U.S.C. § 3013.  Specifically, the Court lacks necessary information to determine the defendant's ability to pay.  The Court orders the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Louisiana to conduct an investigation into Gibson's ability to pay and to make a recommendation to this Court.

## IV.  CONCLUSION

For the foregoing reasons, the Court orders that the Financial Litigation Unit of the United States Attorney's Office for the Eastern District

of Louisiana investigate and make a recommendation to this court on defendant's ability to pay restitution.

New Orleans, Louisiana, this 8th day of September, 2025.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE