UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 20-92 |
| DONIESHA GIBSON | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendant Doniesha Gibson's Motion to Modify Restitution Garnishment.[1] The Court DISMISSES the motion as MOOT.

Gibson entered into a plea agreement on June 16, 2021, under which she pled guilty to one count of Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. §§ 1341, 1371.[2] She was sentenced to seventeen months in the Bureau of Prisons and placed on supervised release for three years.[3] Additionally, she was ordered to pay restitution to the victim Lancer Insurance in the amount of $677,500.00.[4] The judgment provided that the restitution would begin while the defendant was incarcerated and that any unpaid balance upon release would be paid at the rate of $100 per month.[5]

---

[1] R. Doc. 405.
[2] R. Doc. 122.
[3] R. Doc. 328. Of this amount, Gibson only received a check for $10,000. One of her co-conspirators received a check for $650,000. R. Doc. 306.
[4] Id.
[5] Id.

1

The payment is subject to increase or decrease with the defendant's ability to pay.[6] Gibson made all payments until September 2024. She did not make the required payments between September 2024 to March 2025.[7] Thereafter, the government filed an Application for a Writ of Garnishment.[8] Gibson's employer, LCMC Health, filed an answer that her bi-weekly earnings are $1079.90.[9] Gibson did not file a written objection or an exemption to the garnishment, nor did she request a hearing under 28 U.S.C. 3205(c)(5). The Court entered a final disposition for order of Garnishment on June 25, 2025, for 25% of Gibson's non-exempt disposable earnings, which amounted to biweekly payments of $269.98.[10]

Gibson then moved the Court to reduce her restitution garnishment.[11] The Court ordered the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Louisiana to investigate Gibson's ability to pay and to make a recommendation to this Court.[12] During that investigation, LCMC Health informed the Court that Gibson was terminated

---

[6] *Id.*
[7] R. Doc. 407, at 2.
[8] R. Doc. 383.
[9] R. Doc. 395.
[10] *Id.*
[11] R. Doc. 405-1.
[12] R. Doc. 411.

2

from her employment.[13]  As Gibson is no longer employed at LCMC Health, the garnishment automatically dissolved.  There is not a garnishment for the Court to modify.  Gibson's motion to modify the garnishment of her wages at LCMC Health is moot.

    The Court DISMISSES the motion AS MOOT.

    New Orleans, Louisiana, this <u>2nd</u> day of February, 2026.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13]  R. Doc. 425.

3